USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/02/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ROBERT EARL McCOY,

                    Plaintiff,
                                          08 Civ. 2204 (DAB)
        -against-                              ORDER
THE CITY OF NEW YORK, et al.

                    Defendants.
------------------------------------x
```

DEBORAH A. BATTS, United States District Judge.

The Court is in receipt of correspondence from the Parties regarding Defendants' request that this Court dismiss, or in the alternative, stay the above-captioned action pursuant to the Colorado River abstention doctrine (hereinafter, "Colorado River").[1] In the event that the Court does not dismiss or stay this action pursuant to Colorado River, Defendants also request that the Court stay this case on the grounds that staying a § 1983 action pending the resolution of the parallel criminal proceeding is in the best interests of justice.

---

[1] Initially, by letter dated April 9, 2008, Defendants asked the Court to stay this case pending the outcome of the parallel criminal proceeding. Plaintiff submitted two letter responses to this request, the first dated April 11, 2008 and the second dated April 12, 2008, objecting to Defendants' request. Defendants sent a reply to Plaintiff's Objections by letter dated April 17, 2008. Plaintiff, by letter dated April 19, 2008, sur-replied. On May 27, 2008, the Court received another letter from Defendants, this time requesting that the Court dismiss, or in the alternative stay the action pursuant to Colorado River. Plaintiff responded by letter dated May 27, 2008, objecting to Defendants' request. On June 6, 2007, the Court received Defendants' reply.

1

In this case, Plaintiff proceeds pro se and alleges a § 1983 claim based on excessive use of force during his May 17, 2007 arrest. (Compl. ¶ 1.) This arrest was effectuated after New York City Police Officers "observed Mr. McCoy exiting what was later discovered to be a burgled commercial establishment with, as according to information and belief, a bulk of new shirts, a store telephone, as $31.00 cash ($10.00 of which were a roll of quarters), and a crowbar - all of which were in Mr. McCoy's arms, or in his pockets." (Compl. ¶ 2.) Defendants represent that, in that criminal matter, Plaintiff is charged with Attempted Assault in the First Degree, for attempting to assault officers with a crow bar. (Defs.' April 9, 2008 Letter at 2.)

Defendants further represent, and Plaintiff concedes, that on October 12, 2007, nearly six months before he filed the instant federal action, Plaintiff filed a virtually identical action, against the same parties, in the New York State Supreme Court, New York County. (Defs.' May 23, 2008 Letter at 2-3; Pl.'s May 27, 2008 Letter at 1.) Plaintiff writes on page 3 of his May 27, 2008 letter to the Court, "I at this time denounce (or discontinue) the state case... so that the Federal case... may remain on track."

Generally, federal courts have an "unflagging obligation ... to exercise the jurisdiction given them." Colorado River Water

Cons. Dist. v. United States, 424 U.S. 800, 817 (1976). However, under the so-called Colorado River abstention doctrine, where parallel state court proceedings exist, and exceptional circumstances warrant, a federal district court may decline to exercise its jurisdiction. Id. at 813. A district court should consider the following factors when making a determination of whether exceptional circumstances exist: 1) the assumption of jurisdiction over the res; 2) the inconvenience of the forum; 3) the avoidance of piecemeal litigation; 4) the order in which the actions were filed; 5) whether state or federal law supplies the rule of decision; and 6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989). "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983).

    The Court finds that the factors for determining whether or not to dismiss or stay this action pursuant to the Colorado River doctrine weigh in favor of abstaining from the exercise of its jurisdiction. The first two factors are neutral, and thus weigh against abstention; there is no res in this case, and it cannot be said that the federal forum would be any more or less

inconvenient than the state forum. However, the third factor does weigh strongly in favor of abstention; since Plaintiff has filed a prior parallel state court action, by abstaining from the exercise of jurisdiction in this case, the Court could avoid piecemeal litigation, as well as inconsistent, or contradictory determinations. The state court case has also proceeded farther along than the instant action.

The fourth Colorado River factor also weighs in favor of abstention. Not only did Plaintiff file his state court action months before the instant case, but Defendants in that case have already Answered. In this case, there has been no Answer. While Plaintiff has not yet filed his Request for Judicial Intervention in his state case, contrary to his contention, this does not mean that the state action has not commenced. (Pl.'s May 27, 2008 Letter at 2.); See N.Y.Ct.Rules, § 202.6. Between the Parties in the parallel proceedings, more progress has been made in the state action since the Defendants have answered there. See, Moses H. Cone Mem'l Hosp., 460 U.S. at 21 (holding that, when assessing the fourth Colorado River factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). However, the fifth factor militates against abstention, since this Court has federal question jurisdiction

4

over Plaintiff's federal constitutional claims.  The final Colorado River factor weighs in favor of abstention, because this Court has no doubt that the state court proceeding can adequately protect Plaintiff's rights.

In sum, applying the Colorado River test in this case favors abstention.  The state and federal cases are indisputably parallel. Factors three, four and six weigh in favor of abstention; moreover, factors three and four, and their associated concerns about avoiding piecemeal litigation in a case which has not made progress beyond the state case, carry significant weight.  The Court finds that Plaintiff has chosen to engage in piecemeal litigation, and the state court suit he initiated several  months before the instant case can accommodate his claims.  At the same time, factors one and two are essentially neutral, while the presence of federal question jurisdiction here weighs in favor of retaining jurisdiction. See e.g., Chandler v. Sorrell, No. 1:07-CV-251, 2008 WL 216605, *6 (D.Vt. 2008).

Accordingly, the Court DISMISSES this action without prejudice pending an adjudication of the state court action, pursuant to the Colorado River doctrine.

IT IS HEREBY ORDERED THAT the Clerk of Court shall CLOSE the docket in this case.

SO ORDERED.

Dated:   New York, New York
August 29, 2008

                                         _Deborah A. Batts_
                                         Deborah A. Batts
                                         United States District Judge